# EXHIBIT A

Exhibits to:

**Defendants Notice of Removal**

<u>Jill Reid v. LaScala Insurance, Inc., et al.</u>

**<u>Exhibit</u>**:

A.      Complaint dated October 13, 2010

B.      Certificate Regarding Compulsory Arbitration dated October 13, 2010

C.      Summons dated October 13, 2010

D.      Affidavits of Service dated October 21, 2010

Michelle R. Matheson  #019568
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

COPY
OCT 13 2010

SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

JILL REID, a married woman,                    ) Case No.:
                                               )
                 Plaintiff,                    )
                                               )     CV 2010-054358
        v.                                     )
                                               )     **COMPLAINT**
LASCALA INSURNACE, INC. d.b.a.                 )     **(Jury Trial Requested)**
SUNSTATE INSURANCE AGENCY and                  )
SUN STATE INSURANCE LASCALA                    )
AGENCY, a domestic corporation, and            )
JEFFERY T. and LISA LASCALA,                   )
husband and wife.                              )
                                               )
                 Defendants.                   )

        Plaintiff Jill Reid, for her Complaint, alleges as follows:

        1.      Plaintiff Jill Reid ("Reid") is currently and at all times relevant to this action a resident of Maricopa County, Arizona. During the three year period prior to filing this Complaint ("the Claim Period"), Reid performed labor services for Defendants but was not compensated appropriately under state and federal law.

        2.      Defendant LaScala Insurance, Inc., d.b.a. Sunstate Insurance Agency and/or Sun State Insurance LaScala Agency, is a corporation located in Maricopa County and registered to do business in the State of Arizona ("LaScala Insurance").

-1-

3.     Defendants Jeffery T. and Lisa LaScala are residents of Maricopa County, Arizona.  At all times relevant to this action Defendants Jeffery and Lisa Lascala owned a majority interest in LaScala Insurance.  Defendant Jeffery LaScala is also the President and founder of LaScala Insurance.  In his capacity as an owner and corporate officer of LaScala Insurance, Defendant Jeffery LaScala was responsible for classifying Plaintiff as an employee or independent contractor; responsible for the payment of wages and employment taxes for Plaintiff; and responsible for classifying Plaintiff as exempt or non-exempt under federal overtime law.   Defendant Jeffrey LaScala is therefore an "employer" subject to individual liability on behalf of himself and his marital community under the FLSA and the Arizona Wage Act, A.R.S. §23-350 et seq.

4.     The events giving rise to these causes of action occurred, at least in part, in Maricopa County, Arizona.

5.     This Court has jurisdiction and venue over the subject matter and the parties hereto pursuant to A.R.S. §12-123 and 12-401.

**COUNT ONE**
**(Failure to Properly Pay Overtime Wages in Violation of the**
**Fair Labor Standards Act , 29 U.S.C. §§ 201-219 Against All Defendants)**

6.     Plaintiff incorporates by reference the allegations above.  In support of her Complaint for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") she alleges as follows:

7.     During the Claim Period, Plaintiff was employed by Defendants to perform inside sales of health, life, auto and home insurance.  At all times relevant to this action, Plaintiff was a covered "employee" and Defendants were Plaintiff's "employer" as those

terms are defined by the FLSA.  A copy of Plaintiff's written consent to proceed as Plaintiff in this action is attached to this Complaint as Exhibit 1.

8.    At all times during the Claim Period LaScala Insurance was a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA").

9.    On multiple times during her employment for Defendants, Plaintiff worked in excess of 40 hours per week.  Plaintiff was paid a base salary for her services, but was not appropriately compensated in full for time worked in excess of 40 hours per week in violation of the FLSA.

10.    Defendants knew that they were subject to the requirements of the FLSA.

11.    Defendants knew or should have known that the duties performed by Plaintiff were non-exempt duties under the FLSA.

12.    Defendants nonetheless classified Plaintiff as "exempt" in an intentional effort to avoid additional overtime compensation due her under the FLSA.

13.    At all times during the Claim Period, Plaintiff was a nonexempt employee under the FLSA.

14.    During the Claim Period Defendants failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff often worked in excess of 40 hours per week, but was not paid for those excess hours at the compensation rate required by the FLSA.

15.    Defendants' failure to pay overtime compensation to Plaintiff was willful.  Defendants did not act in good faith in failing to pay overtime wages due.

16.     Plaintiff has suffered economic damages as a result of Defendants' unlawful compensation practice and is entitled to statutory remedies provided pursuant to the FLSA, including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## COUNT TWO
### (Violation of Arizona Wage Act Against All Defendants)

17.     Plaintiff incorporates by reference paragraphs 1 through 16 above.

18.     At all times during the Claim Period Plaintiff was an "employee" and Defendants were her "employer" as those terms are defined by the Arizona Wage Act.

19.     Plaintiff's employment with Defendants ceased in January, 2010.

20.     Despite the requirements of A.R.S. 23-353, Defendants did not timely provide Plaintiff with her final paycheck.  To date, Defendants have failed or refused to pay Plaintiff the final amount due her.  This unpaid amount due Plaintiff is "wages" under the Arizona Wage Act.

21.     Defendant violated A.R.S. §§ 23-352 and 23-353 by failing to pay Plaintiff all wages due.

22.     Plaintiff is entitled to treble damages under A.R.S. § 23-355.

23.     Plaintiff is entitled to recover her attorneys' fees and costs incurred herein pursuant to the Arizona Wage Act.

## COUNT THREE
### (Breach of Contract Against LaScala Insurance)

-4-

24.     Plaintiff hereby exercise her right to plead alternative theories for relief and therefore incorporates the allegations in Paragraph 1-5 above.

25.     In approximately July of 2008, Defendant required Plaintiff to sign a Producer Agreement in an attempt to characterize Plaintiff's services as that of an independent contractor and not an employee.  However, none of the duties performed by Plaintiff changed, and her salary remained the same.

26.     The terms of the Producer Agreement provided that Plaintiff would be paid on a commission basis and required that Defendant provide Plaintiff with monthly producer statements to ensure the accuracy of the payments due her.

27.     Despite the terms of the Producer Agreement, Plaintiff was not paid on a commission basis, nor was she provided monthly producer statements.  During this time period (July 2008 – January 2010), Plaintiff continued to believe she was an employee and that Defendant's attempt to characterize her services as those of an independent contractor rather than an employee were simply an effort to avoid paying her overtime compensation.

28.     Should this Court determine that Plaintiff was in fact an independent contractor and not an employee, then Defendant's failure to pay Plaintiff all sums due is a material breach of the Producer Agreement.

29.     Should this Court determine that Plaintiff was in fact an independent contractor and not an employee, then Plaintiff has been damaged by Defendant's breach of contract in an amount to be determined at the time of trial.  This is a liquidated sum, for which Defendant is also liable for pre- and post-judgment interest thereon.

30.     In addition, should this Court determine that Plaintiff was in fact an independent contractor and not an employee, then Plaintiff is entitled to recover her attorneys' fees and costs incurred herein as this matter arises from a contract dispute pursuant to Arizona Revised Statute § 341.01.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests:

I.     Count One

    A.     For the Court to declare and find that the Defendants committed one or more of the following acts:

        i.     violated the overtime provisions of the FLSA; and

        ii.     willfully violated the overtime provisions of the FLSA;

    B.     For the Court to award damages, including liquidated damages pursuant to 29 U.S.C. § 216(b);

    C.     For the Court to award Plaintiff her reasonable attorneys' fees and costs;

    D.     For the Court to award pre-judgment interest on all compensation due, accruing from the date such amounts were due, and post-judgment interest; and

    E.     For the Court to award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

II.     Count Two

       A.     For an award of damages resulting Defendants' wrongful withholding, diverting, and/or conversion of monies due to Plaintiff;

       B.     For an award of attorneys' fees and related expenses;

       C.     For an award of prejudgment and post-judgment interest; and

       D.     For an award of Plaintiff's costs of suit incurred herein;

III.    Count Three

       A.     For an award of damages resulting Defendants' wrongful withholding, diverting, and/or conversion of monies due to Plaintiff;

       B.     For an award of prejudgment and post-judgment interest;

       C.     For an award of attorneys' fees and related expenses;

       D.     For an award of Plaintiff's costs of suit incurred herein; and

       E.     For an award of such other relief as the Court may deem just and proper.

Dated this 13 day of October, 2010.

Michelle R. Matheson  #019568
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
Attorney for Plaintiff

ORIGINAL of the foregoing filed this
13ᵗʰ day of October, 2010, with Clerk of the Court

-7-

# EXHIBIT 1

1    Michelle R. Matheson  #019568
     MATHESON & MATHESON, P.L.C.
2    14358 N. Frank Lloyd Wright Blvd.
     Suite 11
3    Scottsdale, Arizona 85260
     (480) 889-8951
4    mmatheson@mathesonlegal.com
     Attorney for Plaintiff
5
6                  SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY
7
     JILL REID, a married woman,              )   Case No.:
8                                             )
                                              )
9             Plaintiff,                      )
                                              )
10   v.                                       )   **CONSENT TO BECOME A PARTY**
                                              )   **PLAINTIFF**
11   LASCALA INSURNACE, INC. d.b.a.           )
     SUNSTATE INSURANCE AGENCY and            )
12   SUN STATE INSURANCE LASCALA              )
     AGENCY, a domestic corporation, and      )
13   JEFFERY T. and LISA LASCALA,             )
     husband and wife.                        )
14                                            )
                                              )
15            Defendants.                     )
16
17           Comes now, Jill Reid, pursuant to 29 U.S.C. §216(b) and files this consent to
18   become a party plaintiff in the above-styled lawsuit.
19           I hereby consent to be a party plaintiff in this lawsuit and specifically authorize
20   counsel of record to represent me in the above referenced action.
21
22
23   _____
     JILL REID
24
     10/12/10
25   _____
     Date

-1-